Filed 10/17/25  P. v. Dunn CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084178 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE374204) |
| RONNELL DUNN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Christine Mariko Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ronnell Dunn appeals from an order permitting the Secretary of the California Department of Corrections and Rehabilitation to withdraw a request that the trial court resentence Dunn under Penal Code[1] section

---

1    All further statutory references are to the Penal Code.

1172.1. His appointed counsel filed a brief pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which raised no arguable issues but asked us to independently review the record for reversible error. We granted Dunn an opportunity to file a supplemental brief on his own behalf, but he did not do so. After reviewing the entire record (*People v. Kelly* (2006) 40 Cal.4th 106, 119), we find no arguable appellate issues and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2018, a jury convicted Dunn of carjacking (§ 215, subd. (a)), robbery (§ 211), and unlawful possession of a firearm (§ 29800, subd. (a)(1)). The jury also found true allegations that Dunn personally used a firearm during the commission of the carjacking and robbery. (§§ 12022.5, subd. (a) & 12022.53, subd. (b).) Dunn admitted he previously suffered a prior serious felony conviction (§§ 667, subd. (a)(1), 668, & 1192.7, subd. (c)), and a strike prior conviction (§§ 667, subds. (b)-(i), 668, & 1170.12). The trial court sentenced Dunn to a total prison term of 20 years four months, including, as relevant here, a five-year enhancement for the prior serious felony conviction pursuant to section 667, subdivision (a)(1).

Dunn appealed from the judgment. On December 31, 2018, we reversed Dunn's sentence and remanded to the trial court to correct a miscalculation in the fine imposed, and to allow the court to consider whether to exercise its discretion to strike the five-year prior serious felony enhancement under then-impending amendments to sections 667 and 1385.[2] On April 19, 2019, the trial court held a hearing on remand, at which it

---

[2] Effective January 1, 2019, the day after our decision in Dunn's appeal, sections 667 and 1385 were amended to allow trial courts the discretion to strike a formerly mandatory five-year prior serious felony enhancement. (Stats. 2018, ch. 1013, §§ 1–2.)

declined to exercise its discretion to strike the prior serious felony enhancement.

In February 2024, the Secretary of the California Department of Corrections and Rehabilitation sent a letter to the trial court identifying Dunn as being eligible for a resentencing hearing under section 1172.1, subdivision (a)(1), at which the court could consider exercising its discretion to strike Dunn's five-year prior serious felony enhancement.[3] In response, the sentencing judge sent a letter to the secretary indicating, among other things, that the court previously declined to exercise its discretion to strike the prior serious felony enhancement and providing the secretary an opportunity to notify the court if resentencing was still appropriate. On March 20, 2024, the secretary informed the court that the California Department of Corrections and Rehabilitation had been unaware of the court's prior exercise of discretion with respect to Dunn's prior serious felony enhancement, and, given the court's prior action, resentencing was not appropriate. The secretary stated he was withdrawing the resentencing request for this reason.

On April 26, 2024, the trial court held a hearing regarding the secretary's resentencing request and his withdrawal of that request. The court recognized it was within its discretion to either permit the secretary to withdraw the resentencing request or to proceed with resentencing. It found

---

[3] Section 1172.1, subdivision (a)(1) provides, in relevant part: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, . . . at any time upon the recommendation of the secretary . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

3

the secretary had a sufficient reason for withdrawing the request, and further found withdrawal of the request would not prejudice Dunn because he already received a full hearing on whether the court should exercise its discretion to strike the prior serious felony enhancement. Accordingly, the court accepted the secretary's withdrawal of the resentencing request and deemed the matter closed.

## DISCUSSION

Appointed counsel filed a brief summarizing the factual record and proceedings in the trial court. Counsel presents no argument for reversal but asks us to independently review the record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. Counsel identified the following issue that counsel considered when reviewing Dunn's case: whether the trial court prejudicially erred in allowing the secretary to withdraw the resentencing request.

Our review of the entire record, including the issue considered by appellate counsel, has identified no reasonably arguable appellate issue. We briefly discuss the one possible issue identified by counsel.

When a resentencing request under section 1172.1, subdivision (a)(1), is submitted and then subsequently withdrawn, the trial court has the discretion to either allow the withdrawal or to conduct a resentencing hearing pursuant to the request. (*People v. Vaesau* (2023) 94 Cal.App.5th 132, 148–151.) The court can allow the withdrawal only upon a finding that there was a legitimate basis for the withdrawal, such as an " 'administrative mistake or improvidence.' " (*Id.*, at pp. 151–152.) Here, the trial court recognized the scope of its discretion with respect to the resentencing request and the subsequent withdrawal, and it appropriately exercised its discretion to allow the withdrawal. Specifically, the court properly found that the secretary had

4

a valid reason to withdraw the request because he had been unaware the court already exercised its discretion with respect to the prior serious felony enhancement (*ibid.*), and that the withdrawal would not unfairly prejudice Dunn because he had already received a full hearing on whether the court should exercise its discretion to strike the sentencing enhancement (*People v. Braggs* (2022) 85 Cal.App.5th 809, 819 [reviewing for prejudicial error claim that sentencing court abused its discretion in applying § 1172.1]).

Competent counsel has represented Dunn on this appeal.

DISPOSITION

The order of the superior court allowing the Secretary of the Department of Corrections and Rehabilitation to withdraw the request for resentencing under section 1172.1 is affirmed.


DATO, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.

5